# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM AULTMAN,

        Petitioner,    :    Case No. 3:20-cv-197

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

    :
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner William Aultman with the assistance of counsel, is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases.  That rule provides that

> the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Although the Petition was initially filed at the Cincinnati location of Court, it was transferred to the Dayton seat of court because this seat deals with habeas cases arising from counties this seat serves, including Champaign.  S. D. Ohio Civ. R. 82.1(b) and (f).  Upon transfer the case was assigned to District Judge Cole and then, pursuant to General Order Day 13-01, referred to the undersigned.

1

The Petition reports that Aultman was convicted[1], on his plea of guilty, on two counts of gross sexual imposition and sentenced to a term of ten years imprisonment by the Common Pleas Court of Champaign County on August 5, 2013 (Petition, ECF No. 1, PageID 2).  He took no appeal from the conviction, which accordingly became final thirty days later on September 4, 2013.  He reports that he filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which was denied, but he gives no dates.  *Id.* at PageID 4.

Aultman pleads one ground for relief:

> **Ground One:**  Eighth Amendment Cruel and Unusual Punishment
>
> **Supporting Facts:**  Petitioner is 71 years old with no prior criminal convictions.  He is being held in a facility where there are cases of COVID-19.

*Id.* at PageID 6.  Petitioner avers that he previously sought relief by filing an original action in habeas corpus in the Supreme Court of Ohio which denied relief May 6, 2020.  *Id.* at PageID 7.  Asked to explain why his Petition is timely, Aultman asserts it was filed within one year of the final decision of the Supreme Court of Ohio. *Id.* at PageID 14.  For relief, he requests release from incarceration.

In his Memorandum in support, Petitioner describes the COVID-19 infection rates in some Ohio prisons, while admitting that there have only been four confirmed cases at his place of incarceration, Chillicothe Correctional Institution. *Id.* at PageID 19.  He describes himself as being particularly vulnerable to the disease because he is seventy-one. *Id.*  He asserts that exposure to a life-threatening illness violates his right to be free of cruel and unusual punishment under both the Ohio and Federal Constitutions. *Id.* at PageID 20.

---

[1] The Petition avers that the conviction being attacked was rendered by the Supreme Court of Ohio.  Clearly that is incorrect.  Aultman's case in the Ohio Supreme Court was an original action in state habeas.  The result was a dismissal, not a conviction.  And of course this Court has no appellate jurisdiction over final decisions of the Supreme Court of Ohio in habeas corpus.  Such jurisdiction, if any, would be in the United States Supreme Court.

## Analysis

This Court lacks subject matter jurisdiction in habeas corpus to provide Petitioner with a remedy. His Petition makes no attack at all on his criminal conviction in 2013 and he apparently has never attacked that conviction. Rather, he attacks the conditions of his confinement.

Since the decision in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the federal courts have drawn careful lines between habeas corpus jurisdiction, where a prisoner claims entitlement to immediate release from imprisonment, and civil rights jurisdiction under 42 U.S.C. § 1983 where a prisoner attacks on a constitutional basis the conditions of his imprisonment. In *Preiser* itself, the holding was that a § 1983 action could not be used to evade the procedural requirements of habeas corpus. The Sixth Circuit has made it clear that the converse is also true: habeas may not be used to attack the method of carrying out a sentence. *In re Campbell*, 874 F.3d 454, 464 (6th Cir.), *cert. denied*, 138 S. Ct. 466 (2017). This Court does have jurisdiction under 28 U.S.C. §§ 1331 and 1343 to hear a claim for injunctive relief under 42 U.S.C. § 1983 that asserted prison officials were being deliberately indifferent to Petitioner's medical needs related to COVID-19, but the result of such a proceeding could not be, per *Preiser*, that Petitioner was entitled to release.

Two other problems present themselves on initial review of the Petition. First of all, habeas corpus petitions are subject to a one-year statute of limitations that runs from the date a conviction becomes final on direct review. As the date of conviction finality in this case was September 4, 2013, Petitioner's time to file expire one year later on September 4, 2014. The instant Petition was not filed until May 26, 2020, making it more than five years late.

The second problem is that the Petition claims a violation of Aultman 's Ohio constitutional rights which this Court has no jurisdiction to enforce either in habeas or under § 1983. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)(*en banc*); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453 (6th Cir. 1998); *In re: Ohio Execution Protocol Litig. (Gary Otte),* 2017 U.S. App. LEXIS 17436 (6th Cir. Sept. 7, 2017), affirming *In re: Ohio Execution Protocol Litig. (Tibbetts & Otte),* 2017 U.S. Dist. LEXIS 115583 (S.D. Ohio July 25, 2017)(Merz, M.J.).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed without prejudice for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability.

May 27, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.